UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| TROY TOD TROSTLE, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:06-cv-81 |
| ) | |
| v. ) | Honorable Richard Alan Enslen |
| ) | |
| VINCENT REILLEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §§ 1983 and 1985. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* Complaint indulgently, *see Haines v. Keener*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's Complaint because Kent County Prosecuting Attorneys William Forsyth, David Shieber and Timothy Doyle are immune from suit, and Plaintiff's remaining claims either are barred under the applicable statute of limitations or fail to state a claim.

**Discussion**

I.    Factual Allegations

Plaintiff is presently incarcerated at Camp Lehman. His allegations, however, involve the circumstances surrounding his arrest on September 23, 2002, and subsequent conviction for operating a vehicle under the influence of alcohol, in Kent County, Michigan. Plaintiff sues Sergeant Vincent Reilley, Officer Nicholas Colati, Officer Lance Taylor, and Officer Andrew Snyder of the Grand Rapids Police Department; City of Grand Rapids; Kent County; and Kent County Prosecuting Attorneys William Forsyth, David Shieber and Timothy Doyle.

In his *pro se* Complaint, Plaintiff argues that Officers Colati, Taylor and Snyder (Officers) illegally arrested him for operating a vehicle while under the influence of alcohol, in violation of MICH. COMP. LAWS § 257.625, when he was the passenger in the vehicle rather than the driver. At approximately 1:00 a.m. on September 23, 2002, Plaintiff was involved in a traffic accident. Plaintiff allegedly waited for help while the driver left the scene. Upon waiting almost 30 minutes, Plaintiff left the accident in search for help. The Officers, however, stopped Plaintiff at gun point near the scene of the accident, handcuffed him, and "stepped on" and "dragged" him before placing him in the patrol car. The Officers then transported Plaintiff to Kent County Jail and told Plaintiff to confess that "he was the driver" of the vehicle. Plaintiff refused. Staff at the Kent County Jail also subjected Plaintiff to a blood alcohol test despite his protests.

On October 3, 2002, the trial court held a preliminary examination to bind Plaintiff over for trial. Prosecuting Attorney Doyle, however, allegedly failed to produce any evidence or a key witness to the accident. As a result, the trial court adjourned the preliminary examination but held Plaintiff on a $50,000 bond. Unable to make bail, Plaintiff was confined at Kent County Jail

until his second preliminary hearing on November 7, 2002. At the second preliminary hearing, the prosecution again could not secure its key witness so the trial court dismissed Plaintiff's case without prejudice. On February 12, 2003, the Kent County Sheriff arrested Plaintiff allegedly based on false information provided by Sergeant Reilley and the Officers for his warrant. Plaintiff's counsel and Prosecuting Attorney Shieber waived Plaintiff's third preliminary examination although Plaintiff argues that there was no additional evidence to bind him over for trail. After a jury trial, Plaintiff was convicted in the Kent County Circuit Court supposedly due to prosecutorial misconduct and false testimony by Sergeant Reilley and the Officers. On January 22, 2004, the trial court sentenced Plaintiff to a prison term of 46 months to 15 years.

Plaintiff asserts the following constitutional law violations relating to his arrest on September 23, 2002: (1) the Officers violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizures, and an arrest without probable cause; (2) the Officers engaged in the use of excessive force in violation of the Eighth Amendment; (3) Defendant City of Grand Rapids is liable under § 1983 for training its officers to use excessive force; and (4) Sergeant Reilley and the Officers conspired to detain Plaintiff under § 1985. With respect to his first preliminary examination on October 3, 2002, Plaintiff argues that his $50,000 bail violated the Eighth Amendment Excessive Fines Clause.

Plaintiff also asserts the following constitutional law violations regarding his arrest on February 12, 2003, and subsequent trial: (1) Defendants violated Plaintiff's Fourth Amendment right to be free from "seizure" and an arrest without probable cause; (2) Defendants violated Plaintiff's rights under the Due Process Clause of the Fifth and Fourteenth Amendments by arresting Plaintiff without probable cause; (3) Defendants violated the following Sixth Amendment Clauses:

Right to a Speedy and Public Trial, Right to an Impartial Jury, Confrontation, and the Compulsory Process, as incorporated by the Fourteenth Amendment; and (4) Prosecuting Attorneys Forsyth, Shieber and Doyle engaged in prosecutorial misconduct in violation of the Fourteenth Amendment. Plaintiff also raises state law claims of gross negligence, malicious prosecution, and false arrest and imprisonment.

For relief, Plaintiff requests monetary damages of $50,000,000.00, interest, court costs and attorney fees.

II.     Immunity

Kent County Prosecutors Forsyth, Shieber and Doyle are entitled to absolute immunity for their actions in prosecuting the criminal action against Plaintiff.  The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998).  Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989).  The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497.  Acts which occur in the course of the prosecutor's role as advocate are entitled to protection of absolute immunity in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137.  In the Sixth Circuit, the focus of the inquiry is how closely related is the prosecutor's conduct to his role of an advocate intimately associated with the

judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997). Obviously, participating in preliminary examinations and conducting a criminal trial are part of the prosecutor's role as an advocate. Accordingly, Kent County Prosecutors Forsyth, Shieber and Doyle are entitled to immunity.

### III. Statute of Limitations

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. §§ 1983 and 1985. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985); *see also Bowden v. City of Franklin, Kentucky*, 13 Fed. App. 266, 272 (6th Cir. 2001). For civil rights suits filed in Michigan under §§ 1983 and 1985, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Baker v. Smith,* 72 Fed. App. 339, 341 (6th Cir. 2003) (applying the three-year statute of limitations in MICH. COMP. LAWS § 6.5805(10) to § 1985 claims); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[1]

Plaintiff asserts the following untimely constitutional claims arising from his arrest on September 23, 2002: (1) a Fourth Amendment violation for his right to be free from unreasonable search and seizures, and an arrest without probable cause; (2) an Eighth Amendment violation for

---

[1] The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004) does not apply to claims brought by prisoners under 28 U.S.C. § 1983, because although the statute was amended in 1996, the amendments did not "ma[k]e possible" a prisoner's civil rights action under § 1983. *Id.* at 382.

use of excessive force; (3) the failure of the City of Grand Rapids to train officers; and (4) a conspiracy to detain Plaintiff under § 1985. In addition, Plaintiff argues an Eighth Amendment violation for excessive bail from his October 3, 2002 preliminary examination. Plaintiff had reason to know of the "harms" done to him at the time they occurred. Hence, his claims accrued on September 23, 2002, for his arrest, and on October 3, 2002, for the "excessive" bail.[2] Plaintiff's Fourth Amendment claim for his September 23, 2002 arrest, however, does not accrue until his conviction is reversed or expunged. This claim is discussed below in Section IV(A).[3] Plaintiff filed his Complaint on February 2, 2006, well past Michigan's three-year limit for Plaintiff's §§ 1983 and 1985 claims. Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* MICH. COMP. LAWS § 600.5851(9). Further, it is well-established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, *2 (6th Cir. June 17, 2002).

      A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint does not present a rational basis in law if it is time-barred by the appropriate statute of limitations. The Sixth Circuit has repeatedly held

---

[2] The Sixth Circuit recently decided that the statute of limitations period for an excessive use of force claim begins at the time of the arrest. *See Hodge v. City of Elyria,* 126 Fed. App. 222, 225 (6th Cir. 2005). Therefore, Plaintiff's excessive use of force claim accrued on September 23, 2002.

[3] "Typically the statute of limitations for filing an action alleging an unconstitutional search and seizure begins to run at the time of the injury," when the plaintiff becomes aware of the unconstitutional action. *Wolfe v. Perry,* 412 F.3d 707, 714 (6th Cir. 2005) (citing *Shamaeizadeh v. Cunigan,* 182 F.3d 391, 394 (6th Cir. 1999)). The Sixth Circuit has held, however, that in light of the Supreme Court's ruling in *Heck v. Humphrey,* 512 U.S. 477 (1994), "[a] cause of action under § 1983 that would imply the invalidity of a conviction does not accrue until the conviction is reversed or expunged, and therefore the statute of limitations does not begin to run until such an event occurs, if ever." *Id.* (citing *Shamaeizadeh,* 182 F.3d at 396). Plaintiff's Fourth Amendment claim necessarily implies the invalidity of his conviction, so the statute of limitations does not run until his conviction is reversed or expunged.

that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at *1-2 (6th Cir. Oct. 22, 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653 (6th Cir. Dec. 5, 2000). Accordingly, Plaintiff's claims must be dismissed as frivolous.

### IV. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's remaining claims are barred under the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff challenges his incarceration by the State of Michigan. He argues constitutional violations from his September 23, 2002[4] and February 12, 2003 arrests, and trial. A challenge to the fact or duration of confinement should be brought as a petition for habeas

---

[4]Plaintiff's Fourth Amendment claim is the only remaining claim arising from his September 23, 2002 arrest.

corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's Complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement).

Plaintiff's claim for monetary relief for alleged violations of his constitutional rights is *Heck*-barred. In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Clarke v. Stadler*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated. *See Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995); *Martin v. Girard*, No. 98-1215, 2000 WL 658326, at *2 (6th Cir. May 12, 2000).

A court's dismissal of a claim on the basis that it is barred by *Heck* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03-1411, 2003 WL 22976618 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous).

### V.  State Law Claims

Plaintiff alleges state law claims of gross negligence, malicious prosecution, and false arrest and imprisonment in his Complaint. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). To the extent that Plaintiff's Complaint presents allegations under state law, this Court declines to exercise jurisdiction. The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998). Plaintiff's state law claims will be dismissed without prejudice.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) because Kent County Prosecuting Attorneys William Forsyth, David Shieber and Timothy Doyle are immune from suit, and Plaintiff's remaining claims either are barred under the applicable

statute of limitations or fail to state a claim.  This Court also declines to exercise jurisdiction over Plaintiff's state law claims.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>March 24, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |